# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DANIEL ELON BELL
ADC #140330                                                                                                PLAINTIFF

V.                              4:17CV00790 SWW/PSH

ARKANSAS PAROLE BOARD, *et al*.                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Susan Weber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Daniel Elon Bell, currently in custody at the Grimes Unit of the Arkansas Department of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 1, 2017. (Doc. No. 2). Also on December 1, 2017, Bell filed a motion to proceed *in forma pauperis* ("IFP"), which was granted. (Doc. Nos. 1, 4).

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Federal Rule of

Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Bell sued the Arkansas Parole Board, as well as the Chairman and Commissioners of the Arkansas Parole Board in their official and personal capacities. (Doc. No. 2, at 1-2). Bell was convicted of attempted robbery and sentenced to ten years in the Arkansas Department of Correction. *Id*. at 6. On November 9, 2015, Bell's request for parole was denied. *Id*. at 13. Bell asserts that Defendants unlawfully applied sections of the Arkansas Code in denying his parole application. *Id*. at 9, 12. He alleges that, as a result, he is falsely imprisoned and that his rights under the Eighth and Fourteenth Amendments have been violated. *Id*. at 6, 9. He seeks damages. (Doc. No. 2, at 10-12). Bell's Complaint should be dismissed for the multiple reasons set out below.

### A. <u>Arkansas Parole Board Not Subject to Suit Under 42 U.S.C. § 1983</u>

Bell sued the Arkansas Parole Board. (Doc. No. 2). Section 1983 provides a cause of action against every person, who, acting under color of state law, deprives another person of a federally

protected right. 42 U.S.C. § 1983. Because the Arkansas Parole Board is not a "person" subject to suit under § 1983, Bell's claims against the Parole Board must be dismissed. *See Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004).

    B. <u>Bell's Damages Claims Barred</u>

Bell seeks only damages. (Doc. No. 2, at 10-12). The Eleventh Amendment to the United States Constitution bars suit against a state or one of its agencies. *Rose v. Nebraska*, 748 F.2d 1258, 1262 (8th Cir. 1984); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Bell's official capacity claims against the Defendants are claims against the state, and, accordingly, are barred. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . .") (internal citation omitted); *Taylor v. Selig*, 409 Fed. Appx. 986, 987 (8th Cir. 2011) (when sued for damages state officials acting in their official capacities not "persons" under § 1983).

Further, parole officials perform functions similar to a judge when deciding to grant, revoke, or deny parole, and are entitled to absolute immunity in connection with claims arising from those actions. *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996). This absolute immunity applies even if the Commissioner or a member of the Parole Board made an unlawful or unconstitutional decision in considering and denying parole. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). Bell's allegations involve actions taken in deciding his eligibility for parole. Accordingly, the Commissioner or any member of the Parole Board is absolutely immune from liability. *See Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993).

C. <u>Bell Does Not Have A Protected Liberty Interest In Parole</u>

A prisoner has no federal liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 480 (1995), among others). A state may, through its parole-related statutes and regulations, create a liberty interest protected by the Fourteenth Amendment. *Board of Pardons v. Allen*, 482 U.S. 369, 373-81 (1987). A "state statute or regulation [that] uses mandatory language and imposes substantive limits on the discretion of state officials" may create a protected liberty interest. *Snodgress v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008). With respect to Arkansas's parole system, "[d]espite using ostensibly 'non-discretionary' or 'mandatory' language, the [Arkansas] statute[s] and regulatory scheme, as a whole, merely creates the *possibility* for early release based on the Board's opinion regarding a particular individual." *Rhodes v. Kelley*, 2016 WL 2865374, at *4 (E.D. Ark., April 22, 2016) (emphasis in original). "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions . . . ." *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir 2007). Arkansas statutes create only the possibility of parole, and do not establish any right that would trigger due process protection. *Pittmman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Hamilton v. Brownlee*, 237 F. Appx. 114, 115 (8th Cir. 2007).

Bell complains that Defendants wrongfully denied his parole application in that they applied the wrong law when deciding his request. Bell, however, does not have a protected liberty interest in the possibility of parole. Without a protectable liberty interest, violations of due process are not implicated. *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

4

## IV. Conclusion

Bell fails to state a claim on which relief can be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Bell's complaint be DISMISSED WIHOUT PREJUDICE for failure to state a claim on which relief may be granted.

3. The dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(b).

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 12th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE